Leonard C. Herr, #081896
Rhea Ikemiya, #267136
DOOLEY, HERR, PEDERSEN & BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza, Suite 300
Visalia, California 93291
Telephone: (559) 636-0200

Attorneys for Plaintiff, JOHN JONES

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN JONES,<br><br>    Plaintiff.<br><br>  v.<br><br>HARVEST POWER, SAM MONACO and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: 1:14−cv−01746−−−SAB<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES** |

Plaintiff, JOHN JONES (hereinafter, "Plaintiff") brings this Complaint against Defendants, HARVEST POWER, SAM MONACO, and DOES 1 through 10, inclusive, as follows:

1. Plaintiff is an individual residing in County of Tulare, State of California. Plaintiff was, at all times relevant to the allegations complained of herein, an employee of HARVEST POWER.

2. Defendant, HARVEST POWER (hereinafter, "HP"), believed to be dba Harvest Power California, is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware and qualified to do business in California, with its principal place of business located in the State of Massachusetts.

DOOLEY, HERR,
PEDERSEN
& BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-1-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

3. Defendant, SAM MONACO (hereinafter, "MONACO") is an individual residing in the County of Fresno, State of California. At all times relevant herein, MONACO was employed by Defendant, HP, in the capacity of Regional Vice President, and was Plaintiff's direct supervisor. At all times relevant herein MONACO was the agent of HP. Alternatively, MONACO was acting on his own, outside the course and scope of his employment out of personal animosity toward Plaintiff.

4. Plaintiff is ignorant of the true names of Defendant DOES 1 through 10, whether individual, corporate, associate, public, or otherwise, and Plaintiff therefore sues said Defendants by such fictitious names and will ask leave of this Court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that all of the Defendants named herein are jointly and severally liable as employees, agents, principals, partners, joint venturers, affiliates and/or conspirators of all other Defendants.

5. The pertinent, relevant acts alleged herein occurred in the County of Tulare, where the Tulare division of HP is located, and Plaintiff was employed.

6. Plaintiff was employed by HP for over three and one half years as the General Manager of its Tulare division. Plaintiff was previously employed in that same capacity by Tulare County Compost since 1996. Tulare County Compost was purchased by HP in 2010. Plaintiff was a dedicated employee who successfully performed his numerous job responsibilities for over 17 years.

7. Plaintiff executed a written employment agreement with HP on or about December 10, 2010. The employment agreement entitled Plaintiff to, among other things, salary, bonuses, company sponsored benefits and stock options. The employment agreement with HP was reinforced and amplified by certain written personnel practices, memoranda, policies, and procedures of HP, based upon which Plaintiff had a reasonable expectation of continued employment for an

DOOLEY, HERR,
PEDERSEN
& BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-2-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

indefinite period of time. Implicit in this employment agreement was a covenant of good faith and fair dealing.

8. On or about August 12, 2013, Plaintiff, along with several other employees, received an email from MONACO outlining his concerns and grievances about the financial position of HP's Tulare division. MONACO stated that during a corporate meeting, he was embarrassed about the Tulare division's financials. MONACO stated that he fired five employees from Canada, including individuals in high ranking positions. Throughout MONACO's email he questioned whether Plaintiff and others wanted to work for Harvest Power in the future. MONACO stated he did not want to make the decision for them and proceeded to comment on the types of employees businesses wanted. The email was demoralizing and intimidating in its tone and subject matter.

9. On or about August 20, 2013, MONACO and Plaintiff met to discuss Plaintiff's progress in sales. MONACO claimed Plaintiff was not making adequate progress and implemented a new procedure to illustrate his daily sales activity. The tone of the meeting was intimidating, and MONACO implied Plaintiff's job was in jeopardy.

10. While employed as General Manager, Plaintiff became aware of certain activities conducted by Defendants which were in violation of federal, state, regional, and local laws, regulations and rules. Plaintiff also became aware of unethical practices by Defendants which related to compliance and permitting issues. Some of these violations impacted the permit held by HARVEST POWER and its composting and waste management activities, and its ability to handle food waste products.

11. Defendants were aware of these violations and unethical practices. Despite this knowledge, Defendants directed Plaintiff "to do whatever it takes" to continue expanding HP's business and profits. Defendants threatened Plaintiff with termination unless he did what he was asked. Among other things, Plaintiff

DOOLEY, HERR,
PEDERSEN
& BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-3-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

was asked to lie and hide data on matters pertaining to HP's permit. Plaintiff was also told to lie to potential customers regarding HP's ability to perform certain waste management activities.

12. Concerned about these unlawful and unethical practices, and the ongoing pressure placed on him to perform activities which were unlawful and unethical, Plaintiff attempted to bring these issues to the attention of HP, including the harassment and inappropriate conduct of MONACO. On or about August 23, 2013, Plaintiff sent a letter of concern to HP's Human Resources' Anonymous hotline. Plaintiff outlined his recent experiences with the company, specifically with MONACO. Plaintiff explained his feelings of being harassed, intimidated and his position threatened.

13. Approximately four days after Plaintiff submitted his anonymous letter, he received a phone call from Jeff Knapp from HP's Human Resources Department. Mr. Knapp informed Plaintiff that he spoke to MONACO about the letter. Plaintiff was advised that MONACO wanted to speak with him about the concerns in his letter. Plaintiff was astonished by Mr. Knapp's phone call as he believed the letter was to maintain a high level of anonymity.

14. On or about August 28, 2013, MONACO purportedly came to the Tulare office to apologize. Instead, he attempted to explain that his email was intended to "motivate" the staff. Following the August 28, 2013 meeting with Mr. MONACO, things changed for Plaintiff. He was repeatedly called into meetings and conference calls to address his inability to secure food waste tonnage. Plaintiff indicated his limited ability to secure the tonnage because of the facility's ability to dispose food waste. MONACO advised Plaintiff "to do whatever necessary" to get the tonnage into the facility and the harassment continued.

15. Throughout the next several months, Plaintiff was required to fill out a sales call sheet every day illustrating each person he called, which interfered with performing his actual job duties. Defendant's demand of Plaintiff were pretextual

DOOLEY, HERR,
PEDERSEN
& BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

and intended to harm Plaintiff emotionally as to cause him to quit his job.

16. Defendants' handling of Plaintiff's situation, including the contact by the human resources department, and the conduct MONACO, affected Plaintiff's health, causing him to have chronic headaches and high blood pressure.

17. Plaintiff's attempt to approach HP about the harassment and inappropriate conduct of MONACO, and his refusal to go along with the unlawful and unethical practices at HP, resulted in Plaintiff being targeted, harassed, and ultimately fired from his position, on or about June 27, 2014.

## FIRST CAUSE OF ACTION

## (WRONGFUL TERMINATION - PUBLIC POLICY VIOLATION)

18. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint.

19. On or about June 27, 2014, HP illegally terminated Plaintiff from his employment because of Plaintiff's refusal to go along with the unlawful and unethical practices engaged in at HP, and because Plaintiff attempted to bring these issues to the attention of HP, including the harassment and inappropriate conduct of MONACO. The harassment of Plaintiff, and the termination of Plaintiff from his employment, was in direct violation of the public policy in California Labor Code section 1102.5.

20. As a proximate result of this harassment and wrongful termination in violation of public policy, Plaintiff was caused to suffer, and continues to suffer, from humiliation, anxiety, severe emotional distress, worry, fear, and special damages (to include lost wages) all to his special and general damage according to proof at the time of trial.

///
///
///
///

DOOLEY, HERR, PEDERSEN
& BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-5-

**FIRST AMENDED COMPLAINT FOR DAMAGES**

21. HP and MONACO did the things hereinabove alleged, intentionally, oppressively, and maliciously with an evil and malevolent motive to injure Plaintiff. These acts, which resulted in Plaintiff's wrongful termination against public policy, were obnoxious, despicable, and ought not to be suffered by any member of the community.

22. All actions of Defendants, their employees and agents, and each of them as herein alleged, were known, ratified and approved by the officers or managing agents of HP, and each of them. Therefore, Plaintiff is entitled to punitive or exemplary damages against Defendants, in an amount to be determined at the time of trial.

## SECOND CAUSE OF ACTION

**(BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)**

23. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint.

24. Plaintiff was hired by HP on or about December 10, 2010, under the terms of a written employment agreement. California law implies a covenant of good faith and fair dealing in all contracts between parties entered into in the State of California.

25. On or about June 27, 2014, Defendants breached the implied covenant of good faith and fair dealing in the employment agreement by terminating Plaintiff in retaliation for his refusal to engage in the unlawful and unethical practices taking place at HP, and for attempting to raise his valid concerns with HP.

26. As a direct and proximate result of the Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered and continues to suffer substantial losses in salary, bonuses, company sponsored benefits, stock options, and other compensation, which Plaintiff would have received had Defendants not breached the covenant. Plaintiff seeks damages for

DOOLEY, HERR, PEDERSEN & BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

**FIRST AMENDED COMPLAINT FOR DAMAGES**

these injuries which exceed the jurisdictional limits of this court and will be established according to proof at trial.

### THIRD CAUSE OF ACTION

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

27. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint.

28. The conduct complained of hereinabove was outside the conduct expected to exist in the workplace, was intentional and malicious and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress. Defendants' conduct, in confirming and ratifying the complained of conduct, was done with the knowledge that Plaintiff's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to Plaintiff.

29. As a proximate result of Defendants' intentional infliction of emotional distress as hereinabove alleged, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and health. As a result of said distress and consequent harm, Plaintiff has suffered such damages in an amount in accordance with proof at time of trial.

30. Defendants, and each of them, engaging in the conduct as hereinabove alleged, acted fraudulently, maliciously, oppressively and with reckless disregard of Plaintiff's rights and safety, and thereby entitling Plaintiff to an award of punitive damages. Defendants, and each of them, authorized, ratified, knew of the wrongful conduct complained of herein, but failed to take immediate and appropriate corrective action to remedy the situation and thereby acted fraudulently, maliciously, oppressively and with reckless disregard of Plaintiff's rights and safety, and thereby entitling Plaintiff to an award of punitive damages.

///

DOOLEY, HERR, PEDERSEN & BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

**FIRST AMENDED COMPLAINT FOR DAMAGES**

## FOURTH CAUSE OF ACTION

### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

31. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint.

32. In the alternative, if said conduct of Defendants, and each of them, and of their agents and employees was not intentional, it was negligent and Plaintiff is thereby entitled to general damages for the negligent infliction of emotional distress.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For compensatory damages;
2. For general damages;
3. For punitive damages;
4. For cost of suit; and
5. For any such further relief as the Court may deem just and proper.

DATED: November 13, 2014    DOOLEY, HERR, PEDERSEN
              & BERGLUND BAILEY, LLP

              By: ___/s/ Leonard C. Herr___
                LEONARD C. HERR,
                Attorney for PLAINTIFF, JOHN JONES

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this case.

DATED: November 13, 2014    DOOLEY, HERR, PEDERSEN
              & BERGLUND BAILEY, LLP

              By: ___/s/ Leonard C. Herr___
                LEONARD C. HERR,
                Attorney for PLAINTIFF, JOHN JONES

F:\Client Files\Jones, John & Sandy\Jones v. Harvest Power\First Amended Complaint.doc

DOOLEY, HERR,
PEDERSEN
& BERGLUND BAILEY
Attorneys at Law, LLP
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-8-

**FIRST AMENDED COMPLAINT FOR DAMAGES**